UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY KARL DRIVER,<br><br>                 Plaintiff,<br>     v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>                 Defendants. | Case No. C20-5282 RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>October 9, 2020</u> |

This matter is before the Court on defendants' motion to dismiss for failure to state a claim (Dkt. 9) and the parties' stipulated motion to dismiss plaintiff's claim under 42 U.S.C. § 1983 (Dkt. 10). This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). The undersigned recommends that the Court grant the defendants' motion and further decline to exercise supplemental jurisdiction and dismiss the remaining claims in this case.

<u>BACKGROUND</u>

Plaintiff Jeffrey Karl Driver brings this suit against Defendants for violating his Eighth Amendment rights while incarcerated at Stafford Creek Corrections Center (SCCC). Dkt. 1-2, at 6. Plaintiff claims that during his incarceration at SCCC, beginning in May 2016, he received inadequate medical care for a bowel obstruction. *Id.* at 5.

REPORT AND RECOMMENDATION - 1

Plaintiff has alleged at least four causes of action: (1) medical negligence for breaching the duty of reasonable care; (2) violation of the Eighth Amendment right to be free from cruel and unusual punishment, actionable under 42 U.S.C. § 1983; (3) the tort of outrage; and (4) negligent supervision and training. Dkt. 1-2, at 5-7. Defendants removed plaintiff's case form Thurston County Superior Court to this Court on March 25, 2020. Notice of Removal, Dkt. 1.

## DISCUSSION

Based on the parties' stipulation (Dkt. 10), plaintiff's claim under 42 U.S.C. § 1983 case should be dismissed. Defendant's independent motion to dismiss should be denied, in favor of the parties' stipulation.

Plaintiff's remaining state law claims for medical negligence, negligent supervision, and the tort of outrage should also be dismissed.

A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40; *see Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 n. 3 (9th Cir.1997) (suggesting that a district court may, but need not, decide sua sponte whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).

Although the court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, fairness, convenience, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Court may also decline to exercise supplemental jurisdiction if the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction (*see* 28 U.S.C. §1367(c)(2)) or, in exceptional circumstances, where there are other compelling reasons for declining jurisdiction (*see* 28 U.S.C. §1367(c)(4)).

Because the Court is recommending dismissal of plaintiff's federal claim against defendants State of Washington Department of Corrections and Stafford Creek Corrections Center in accordance with Federal Rule of Civil Procedure 41, the Court recommends declining supplemental jurisdiction over plaintiff's state law claims against those defendants. All of plaintiff's remaining state law claims (negligence, outrage, negligent supervision and training) substantially predominate plaintiff's claim under 42 U.S.C. § 1983. *See* 28 U.S.C. §1367(c)(2); s*ee also San Pedro Hotel Co. Inc., v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998) (holding district court need not provide an explanation for dismissal of state claims where it is based on the dismissal of all claims over which the district court has original jurisdiction, or where the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction).

## CONCLUSION

Accordingly, the Court recommends dismissing plaintiff's Eight Amendment claim, declining to exercise supplemental jurisdiction, and dismissing plaintiff's state law claims without prejudice. Plaintiff is free to re-file these claims in state court, subject to the tolling provisions of 28 U.S.C. § 1367(d).[1]

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 9, 2020**, as noted in the caption.

Dated this 22nd day of September, 2020.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Title 28 U.S.C. § 1367(d) provides that when a federal court declines supplemental jurisdiction over a state-law claim, the limitations period for that claim "shall be tolled while the claim is pending" in federal court "and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Thus, where section 1367(d) applies, the period during which a plaintiff's state-law claims were pending in federal court will not be subtracted from the applicable State limitations period. The Supreme Court has held that the section 1367(d) tolling provision applies to claims against political subdivisions of States (i.e., counties and municipalities), *see Spector v. Norwegian Cruise Line, Ltd.,* 545 U.S. 119, 141, 125 S.Ct. 2169, 162 L.Ed.2d 97 (2005) (citing *Jinks v. Richland County,* 538 U.S. 456, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003)), but not to claims against non-consenting States, *see Spector,* 545 U.S. at 141, 125 S.Ct. 2169 (citing *Raygor v. Regents of Univ. of Minnesota,* 534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002)).